439 Mich. 251 (1992)
483 N.W.2d 52
In re APPORTIONMENT OF THE STATE LEGISLATURE  1992
(NEFF
v.
SECRETARY OF STATE)
Docket No. 92092.
Supreme Court of Michigan.
Entered April 1, 1992.
Frank J. Kelley, Attorney General, Gay Secor Hardy, Solicitor General, and Gary P. Gordon, Assistant Attorney General, for the defendants.
Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C. (by Theodore Sachs), for the intervening defendants.
ORDER
On order of the Court, the matter of the 1992 reapportionment of the Michigan Legislature is again considered.
We are called upon to reapportion the Michigan Legislature. To accomplish this task, we appointed a panel of special masters, whose product we have carefully considered. Having also considered the views of those who commented upon the plan, in writing or in person at the public hearing held on March 4, 1992, we today approve, with modification, the apportionment plan presented by the masters.
The apportionment plan of the masters has been drawn in accordance with the criteria stated in In re Apportionment of State Legislature  1982, 413 Mich 96, 141-142, 154-156; 321 NW2d 565 (1982), reh den 413 Mich 149; 321 NW2d 585 (1982), app *252 dis sub nom Kleiner v Sanderson, 459 US 900; 103 S Ct 201; 74 L Ed 2d 161 (1982). The masters also examined § 2 of the Voting Rights Act of 1965, as amended in 1982 (VRA), 42 USC 1973. After the parties stipulated that, as in 1982, 16.4 percentage points was the maximum allowable population divergence, the masters ruled that they would consider no plan with greater divergence than 16.4 percentage points.
Some who commented on the report of the masters expressed concerns regarding the population divergence found in the masters' plan. In 1982, we directed that the divergence between the largest and smallest districts could not exceed 16.4 percentage points. Mahan v Howell, 410 US 315; 93 S Ct 979; 35 L Ed 2d 320 (1973). The plan developed by the masters approaches, but does not exceed, that limit. We remain persuaded that a population divergence of 16.4 percentage points is constitutional in light of the "substantial and legitimate state concerns" which underlie this apportionment. Brown v Thomson, 462 US 835; 103 S Ct 2690; 77 L Ed 2d 214 (1983). These valid state concerns focus on the importance of honoring jurisdictional lines, in order to foster effective representative government. We are persuaded that the objectives of preserving county and municipal boundaries, and of minimizing shifts of municipalities and voters, justify the population divergence that is present in the masters' plan.
Others have suggested that the masters' plan would violate the VRA, particularly with regard to the apportionment of Wayne County. This statute is violated if "the political processes leading to nomination or election in the State or political *253 subdivision are not equally open to participation by members of a class of citizens protected by [the VRA] in that its members have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice." 42 USC 1973(b). Thornburg v Gingles, 478 US 30, 43-46; 106 S Ct 2752; 92 L Ed 2d 25 (1986), teaches that one makes this determination through an examination of the "totality of circumstances."
We are persuaded, however, that the masters did consider the totality of circumstances and that they were appropriately concerned with recognition of VRA interests. To that end, in adopting today's reapportionment plan, we have accepted for the most part the masters' plan while reconfiguring House Districts 4, 5, 11, 13 and 14 in order to provide a better racial balance throughout these districts.[1] See appendixes A-E.
With the modifications noted in the preceding paragraph, we adopt the reapportionment plan drawn by the masters. It is hereby ordered and the Secretary of State is directed to publish as provided by law and hold legislative elections in accordance with the reapportionment plan hereby approved.
This Court retains no further jurisdiction.

*254 APPENDIX A

 House District 4
 Total Population 80,416
 Total Black Non-Hispanic 68,943
 Total Hispanic 558
 Wayne County (part)
 Detroit city (part)
 Tract 5046 Tract 5151 Tract 5179
 Tract 5047 Tract 5152 Tract 5180
 Tract 5107 Tract 5161 Tract 5181
 Tract 5108 Tract 5162 Tract 5183
 Tract 5109 Tract 5163 Tract 5184
 Tract 5111 Tract 5164 Tract 5185
 Tract 5112 Tract 5165.99 Tract 5186
 Tract 5113 Tract 5166 Tract 5187
 Tract 5114 Tract 5167 Tract 5188
 Tract 5115 Tract 5168 Tract 5102
 Tract 5116 Tract 5169 Tract 5103
 Tract 5117 Tract 5175 Tract 5106
 Tract 5147 Tract 5177 Tract 5165
 Tract 5148 Tract 5178

APPENDIX B

 House District 5
 Total Population 81,775
 Total Black Non-Hispanic 57,255
 Total Hispanic 735
 Page 255
 Wayne County (part)
 Detroit city (part)
 Tract 5048 Tract 5036 Tract 5064
 Tract 5052 Tract 5037 Tract 5065
 Tract 5053 Tract 5049 Tract 5066
 Tract 5031 Tract 5050 Tract 5067
 Tract 5032 Tract 5051 Tract 5068
 Tract 5033 Tract 5061 Tract 5069
 Tract 5034 Tract 5062 Tract 5070
 Tract 5035 Tract 5063

APPENDIX C

 House District 11
 Total Population 84,357
 Total Black Non-Hispanic 67,242
 Total Hispanic 1,075
 Wayne County (part)
 Detroit city (part)
 Tract 5342 Tract 5356 Tract 5378
 Tract 5343 Tract 5357 Tract 5454
 Tract 5344 Tract 5365 Tract 5455
 Tract 5347 Tract 5366 Tract 5456
 Tract 5350 Tract 5370 Tract 5457
 Tract 5351 Tract 5371 Tract 5458
 Tract 5352 Tract 5372
 Tract 5355 Tract 5377

*256 APPENDIX D

 House District 13
 Total Population 80,119
 Total Black Non-Hispanic 57,645
 Total Hispanic 1,127
 Wayne County (part)
 Detroit city (part)
 Tract 5353 Tract 5451 Tract 5464
 Tract 5354 Tract 5452 Tract 5465
 Tract 5373 Tract 5453 Tract 5466
 Tract 5424 Tract 5459 Tract 5467
 Tract 5426 Tract 5460 Tract 5468
 Tract 5427 Tract 5461 Tract 5469
 Tract 5428 Tract 5462 Tract 5440
 Tract 5439 Tract 5463

APPENDIX E

 House District 14
 Total Population 79,577
 Total Black Non-Hispanic 54,247
 Total Hispanic 839
 Wayne County (part)
 Detroit city (part)
 Tract 5406 Tract 5413 Tract 5435
 Tract 5407 Tract 5414 Tract 5436
 Tract 5408 Tract 5415 Tract 5437
 Tract 5409 Tract 5417 Tract 5438
 Tract 5410 Tract 5418 Tract 5441
 Tract 5411 Tract 5432 Tract 5442
 Tract 5412 Tract 5434 Tract 5443

 District Masters' plan Plan as adopted
 4 89.89% 85.73%
 5 65.41% 70.02%
 11 95.80% 79.71%
 13 57.10% 71.95%
 14 67.04% 68.17%

NOTES
[1] The following table reflects percentage of minority population in the plan proposed by the masters and that adopted by the Court in these House districts.